IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

## NICOLLE ELIZABETH ANDERSON v. DONALD W. ANDERSON

**Appeal from the Circuit Court for Trousdale County**
**No. 4174-Q15    Clara Byrd, Judge**

_____

**No. M2011-00702-COA-R3-CV - Filed November 30, 2011**

_____

In this divorce action, the husband appeals the entry of a default judgment and the resulting Order of Divorce and Permanent Parenting Plan. The husband was properly served but never filed an answer. Months later, upon motion of the wife, the trial court granted a default judgment against the husband as he had not filed an answer to the complaint for divorce when the motion was heard. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Donald Wayne Anderson, Clifton, Tennessee, Pro Se.

James H. Flood, Lebanon, Tennessee, for the appellee, Nicolle Elizabeth Anderson.

## MEMORANDUM OPINION[1]

Nicolle Elizabeth Anderson ("Wife") filed a Complaint for Absolute Divorce on November 1, 2010. The Complaint was personally served on Donald W. Anderson ("Husband") on November 10, 2010 at South Central Correctional Facility in Clinton, Wayne

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

County, Tennessee, where he was incarcerated by the Tennessee Department of Correction. Wile alleged in the Complaint that she was entitled to a divorce pursuant to Tenn. Code Ann. § 36-4-101(6) because Husband had been convicted of a felony. She also alleged, *inter alia*, that Husband has "threatened to kill Wife and burn the house down with Wife and children inside. . . ." Two children were born of this marriage; they are minors who reside with Wife.

Although Husband filed motions, which he never set for hearing, and other non-responsive pleadings, he never filed an Answer to the Complaint for Divorce as is required by Tenn. R. Civ. P. 12.01, and he never filed a motion to assert defenses as is permitted under Tenn. R. Civ. P. 12.02. As a consequence, the allegations in the Complaint are deemed admitted. *See* Tenn. R. Civ. P. 8.04.

On January 5, 2011, Wife filed a Motion for Default Judgment with an affidavit stating that Husband had failed to "plead or otherwise defend as provided by the Tennessee Rules of Civil Procedure." The motion was initially set for hearing on January 21, 2011 but the hearing was postponed due to winter weather. The hearing was rescheduled for February 4, 2011, and notice of the new hearing date was mailed to Husband on January 21, 2011.

In the interim Husband filed his own motions, a "Motion for Dismissal of Default Judgment" and a "Motion of Abeyance," but no Answer to the Complaint for Divorce and no motions pursuant to Tenn. R. Civ. P. 12.02. Moreover, as before, Husband failed to have these motions set for hearing. Husband also filed a "Cross Complaint on Divorce" on February 1, 2011, which was never served on Wife or her counsel, but no Answer to Wife's Complaint for Divorce.

Wife's motion for default judgment was heard on February 4, 2011; it was granted by the trial court because Husband still had not filed an Answer or motion pursuant to Tenn. R. Civ. P. 12.02. An Order of Divorce and Permanent Parenting Plan was entered on Valentine's Day, February 14, 2011. This appeal followed.

On appeal, Husband contends the trial court erred by granting the motion for default and issuing an Order of Divorce and Permanent Parenting Plan. We find no error with the trial court's decisions and see no reason to further comment on Husband's appeal.

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against Donald W. Anderson, for which execution may issue.

FRANK G. CLEMENT, JR., JUDGE